OPINION
This matter is the result of allegations of sexual abuse made by defendant's niece and daughter. Erica Darthard, defendant's niece, testified that defendant sexually assaulted her on numerous occasions while she was between the ages of seven and eleven. The assaults usually took place while defendant was babysitting her while her mother and defendant's wife played bingo. Similar allegations of abuse were made by Tracie Jennings, defendant's daughter.
In June 1999, defendant was charged with one count of felonious sexual penetration, thirteen counts of rape, four additional counts of rape with specification, thirteen counts of sexual battery, four additional counts of sexual battery with specification, and fifteen counts of gross sexual imposition. Defendant was subsequently convicted of four counts of gross sexual imposition and sentenced to a seven-year term of incarceration. Thereafter, defendant was adjudicated a sexual predator, and this appeal followed. Defendant now raises the following ten assignments of error.
I. The court erred in admitting "other acts" evidence.
II. The court erred in not severing unrelated counts for separate trials.
III. The combination of admitting unrelated "other acts" evidence, and not severing unrelated counts, was plain error.
IV. The court erred in admitting expert testimony.
V. The Appellant was denied due process by prosecutorial misconduct.
VI. The "guilty" verdicts were against the manifest weight of the evidence.
VII. The Appellant was denied due process in the "sexual predator" proceedings.
VIII. The court abused its discretion by an excessive sentence.
IX. The Appellant's right to due process was denied by ineffective assistance of counsel.
 X. The cumulative effect of multiple errors denied a fair trial.
In his first assignment of error, defendant maintains the trial court erred when it admitted evidence that defendant's adopted daughter, Kimberly Jennings, had made prior allegations of sexual abuse by defendant. A conviction will not be reversed on the basis of the admission or exclusion of evidence, unless the defendant is able to demonstrate that the trial court abused its discretion.
Decisions concerning the admission or exclusion of evidence lie within the discretion of the trial court, and will not be reversed on appeal absent an abuse of discretion. O'Brien v. Angley (1980),63 Ohio St.2d 159, 163. An abuse of discretion constitutes more than an error of law or a decision which might later be considered unwise. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Rather, it entails an action which is clearly unreasonable, arbitrary, or unconscionable under the circumstances. Id.
We are cognizant of the general rule that evidence of previous or subsequent acts, wholly independent of the charges for which an accused is on trial, is inadmissible. State v. Hector (1960), 19 Ohio St.2d 167. See, also, Evid.R. 404(B), which provides that evidence of a defendant's other crimes, wrongs, or acts is not admissible to prove his character in order to show that he acted in conformity therewith. However, such evidence is clearly admissible for other purposes, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. State v. Smith (1990), 49 Ohio St.3d 137, 140. This is such a case.
We have determined on several prior occasions that evidence going to the issue of delayed reporting by children, relatives, or other persons living with or having consistent contact with the accused is relevant and probative, and when properly presented, is not offered to show that the defendant acted in conformity therewith. For example, in State v. Jackson (Feb. 20, 2001), Franklin App. No. 00AP-183, unreported, we determined that prior instances of sexual contact between the accused and his fifteen-year-old stepdaughter was relevant, not because of the nature of the contact, but because it helped to explain why the victim delayed reporting subsequent abuse. Specifically, the victim testified that she told her mother about defendant's actions; however, she did not believe that her mother believed her or took appropriate action in light of her claims. We explained that when a victim is subjected to prolonged or escalating abuse, a jury may reasonably question why the victim did not immediately report earlier instances of abuse. See, also, State v. Daniel (1994), 97 Ohio App.3d 548, 565-566; State v. Pennington (July 30, 1991), Franklin App. No. 91AP-13, unreported; and State v. Poe (Oct. 24, 2000), Franklin App. No. 00AP-300, unreported. In such a situation, evidence of this nature is not offered to prove defendant's bad character or his action in conformity therewith, but is offered to explain why the victim did not immediately report or take other action concerning the indicted offense. Jackson, supra.
At trial, Erica testified that she entered into an agreement with Kimberly not to disclose her abuse because Kimberly's mother had been unsupportive of Kimberly's previous allegations, and had told Kimberly to lie about, and later recant those allegations. The evidence of Kimberly's previous allegations was presented in relatively general terms and was accompanied by several limiting instructions. Upon review, we believe that it was properly admitted, not to show defendant's bad character or his action in conformity therewith, but to address the issue of Erica's delayed reporting of defendant's abuse.
The testimony also provided necessary background information explaining why Erica ultimately decided to come forward with her allegations. According to the testimony given at trial, Erica and Kimberly agreed that they would not speak of their abuse unless and until defendant either died, or until Erica or Kimberly learned that defendant had abused someone else. Evidence of the agreement and the reason therefore was necessary to explain Erica's delayed reporting to the jury. At trial, Kimberly testified that she immediately contacted Erica when she learned of Tracie's sexual abuse. The two then confronted defendant's wife, who took no action, and later Erica's mother, who notified the authorities. A thorough investigation of the allegations of all three girls followed.
Having carefully reviewed defendant's argument, we are unable to find that the trial court acted in a clearly unreasonable, arbitrary or unconscionable manner when it allowed limited testimony from and about Kimberly Jennings. Blakemore, supra. As noted by defendant, the question of credibility was extremely important in this case. Without the testimony concerning Kimberly, certain aspects of Erica's testimony may have, as highlighted by defendant, seemed implausible. Evidence of the circumstances surrounding Kimberly's allegations of abuse helped explain why Erica did not come forward earlier. Accordingly, defendant's first assignment of error is overruled.
In his second assignment of error, defendant argues the trial court erred when it failed to try the counts pertaining to Erica and Tracie separately. Ohio law favors the joining of multiple criminal offenses for trial. State v. Franklin (1991), 62 Ohio St.3d 118, 122. See, also, Crim.R. 8(A), which provides for the joinder of two or more criminal offenses where they are of the same or similar character, or are based upon acts that are connected with or constitute part of a common scheme or course of conduct.
A defendant may move to sever the trial of multiple offenses if their consolidation will prejudice his or her rights. Crim.R. 14. However, according to State v. Torres (1981), 66 Ohio St.2d 340, a defendant claiming error following a refusal to allow separate trials, must show that his or her rights were prejudiced, that at the time of his or her motion he furnished the trial court with sufficient information to make the determination, and finally, that the trial court abused its discretion in refusing to grant the motion.
Because defendant did not move to sever trial of the counts pertaining to the two victims in this case, he has waived all but plain error. State v. Miller (1995), 105 Ohio App.3d 679, 691; State v. Strobel (1988), 51 Ohio App.3d 31; and State v. Owens (1975), 51 Ohio App.2d 132. However, even assuming that he had moved to sever, defendant was charged with engaging in sexual misconduct, of a similar nature and in a similar manner, with two young children, who were both related to defendant, and who both spent a considerable amount of time with defendant in his home.
Having carefully considered the arguments presented in support of this assignment of error, we are unable to conclude that the trial court committed plain error, or that it abused its discretion in trying these charges together. As such, defendant's second assignment of error is overruled.
In his third assignment of error, defendant contends that the combination of the alleged errors argued in his first and second assignments, when combined, amount to plain error justifying reversal. Crim.R. 52(B) provides that plain error may be noticed although not brought to the attention of the trial court, when that error affects the substantial constitutional rights of the accused. However, in order to prevent unscrupulous conduct, reversals premised upon plain error must be made with utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. Miller, supra, at 691. "The plain error test requires that, but for the existence of the error, the result of the trial would have been otherwise." State v. Wiles (1991),59 Ohio St.3d 71, 86. Defendant's third assignment is overruled for the reasons set forth in our discussion of defendant's first and second assignments of error.
In his fourth assignment of error, defendant asserts that it was wrong for the trial court to admit the testimony of Dr. Johnson, an expert in the area of child sexual abuse. Specifically, defendant attacks the credibility of what he refers to as "stealth" "child sexual abuse accommodation syndrome."
As with the decision to admit or allow other types of evidence, the decision to admit or reject expert testimony will not be overturned absent a showing that the court abused its discretion. State v. Biros (1997), 78 Ohio St.3d 426, 452; Blakemore, supra. While the value of "child sexual abuse accommodation syndrome" may be debatable, expert testimony about the general behavioral characteristics observed in sexually abused children is admissible under the Rules of Evidence. See State v. Stowers (1998), 81 Ohio St.3d 260, wherein the Ohio Supreme Court held that "an expert witness' testimony that the behavior of an alleged child victim of sexual abuse is consistent with behavior observed in sexually abused children is admissible under the Ohio Rules of Evidence." Id. at 261. See, also, State v. Nemeth (1998),82 Ohio St.3d 202, and State v. Bidinost (1994), 71 Ohio St.3d 449 . Moreover, expert testimony concerning the characteristics of sexually abused children need not be specifically tied to one particular victim. See State v. Daniel (1994), 97 Ohio App.3d 548, 563. Defendant's fourth assignment of error is overruled.
In his fifth assignment of error, defendant accuses the assistant prosecutor of engaging in misconduct which deprived him of constitutional due process. This claim is premised upon defendant's belief that the prosecutor misstated evidence during opening statement and to the trial court while discussing in limine motions before the start of trial.
"[T]he touchstone of due-process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor." State v. Hill (1996), 75 Ohio St.3d 195, 203, quoting Smith v. Phillips (1982), 455 U.S. 209, 219. Therefore, in order to justify the reversal of a conviction on the basis of prosecutorial misconduct, a defendant must prove that the prosecutor's comments were improper, but more importantly, that they prejudicially affected defendant's constitutional rights. State v. Smith (1984),14 Ohio St.3d 13, 14. The Ohio Supreme Court has established that considerable latitude is permitted in the context of the adversarial process, and that the determination of whether the boundary lines have been crossed lies in the first instance with the discretion of the trial court. State v. Maurer (1984), 15 Ohio St.3d 239, 269. Finally, in analyzing whether defendant was constitutionally deprived of a fair trial, the court must determine whether the jury would have found defendant guilty absent the improper conduct. Id.
Defendant's declarations to the contrary, we are unable to find either that the prosecutor engaged in misconduct, or, assuming that the instances cited by defendant did traverse the bounds of acceptable advocacy, that the result of defendant's trial would have been different. Defendant's fifth assignment of error is therefore overruled.
Defendant argues in his sixth assignment of error that his conviction stands against the manifest weight of the evidence. Defendant supports this argument with several instances of inconsistent statements given during testimony.
In order for this court to reverse the judgment of the trial court on the basis that the verdict is against the manifest weight of the evidence, we must unanimously disagree with the fact finder's resolution of the conflicting testimony. State v. Thompkins (1997),78 Ohio St.3d 380, 387. In reaching this determination, we review the entire record, weigh the evidence and all reasonable inferences to be drawn therefrom, consider the credibility of the witnesses as best we are able from the face of the transcript, and determine whether in resolving the conflicts in the evidence, the jury clearly lost its way thereby creating such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
We are cognizant that the weight to be given the evidence and the determination of the credibility of witnesses are primarily issues to be decided by the trier of fact. We also recognize that our discretionary authority to order a new trial should be exercised only in the most exceptional case in which the evidence weighs heavily against defendant's conviction. Id. As required, we have carefully reviewed the entire record paying close attention to those instances of inconsistent testimony cited by defendant. Having done so, we believe the record contains evidence which, if believed, would permit reasonable minds to find defendant guilty beyond a reasonable doubt. As noted, defendant was convicted of four counts of gross sexual imposition. At trial, Erica testified that appellant had sexually assaulted her on numerous occasions by fondling her vagina with either his hands or penis. Erica also testified that defendant urinated on her pubic region, after which he would rub his penis about her vagina. Similarly, Tracie testified that over a period of approximately three years, defendant engaged in various sexual activities with her, including fondling her breasts and vagina. Having carefully reviewed the trial transcript, we do not believe the jury clearly lost its way, or created such a manifest miscarriage of justice that we are required to reverse defendant's conviction. Defendant's sixth assignment of error is overruled.
In his seventh assignment of error, defendant claims that it was "fundamentally unfair" to conduct a sexual predator hearing, and further, that R.C. 2929.19 and 2950.09 are unconstitutionally vague. In support of this argument, defendant argues that the interplay between R.C. 2929.19 and 2950.09 prevent a person of average intelligence from ascertaining whether he is at risk of being declared a sexual predator for offenses committed prior to 1997. Defendant therefore opines that a reasonable person is unable to determine whether his or her conduct is criminal under Ohio law.
First, the Ohio Supreme Court has already determined that R.C. Chapter 2950 is not void for vagueness. State v. Williams (2000),88 Ohio St.3d 513. Moreover, defendant's line of reasoning completely ignores the fact that sexual predator hearings and determinations are civil and not criminal in nature.
Defendant also maintains that it was improper to hold a sexual predator hearing on any offense which could have been committed prior to January 1, 1997. However, R.C. 2950.09 clearly provides for hearings as a result of offenses committed prior to this date. This contention is therefore without merit. In another claim, defendant maintains that R.C.2950.09(B)(3) prevents a trial court from considering the testimony given at trial. This contention is also without merit. See State v. Lewis (May 9, 2000), Franklin App. No. 99AP-752, unreported.
In his second-to-last claim, defendant argues that the trial court "violated R.C. 2950.09(B)(3) by ruling based on evidence that was not clear and convincing." While the trial court was required to find, by clear and convincing evidence, that defendant is a sexual predator, there is no requirement that each piece of evidence it relies upon be proven by clear and convincing evidence. Moreover, the court explained the reasons supporting its determination in detail as follows:
 I agree with the prosecution that the age of the victims; the manner in which the offenses that the defendant was convicted of took place; the relationship of the victims to the offender are extremely relevant in making a determination.
***
 I can find, and do find, that there was abuse of the specific nature and specific time periods. ***
 Now, given the fact of the relationship of the victims in this case. ***
 We're talking about a time period of 1983 through 1998, over which the offenses were committed by the defendant, involving three different minor children, who were related either by marriage or blood to the defendant.
 I can think of very few circumstances where that time period, that relationship, those ages, would not be — I can think that, I can think of no circumstances under which that would not be considered a pattern of abuse.
 And so, I do find. And so I do find 2950.09B to, H that the defendant's conduct constituted a pattern of abuse, in my view. And I think the case law is clear, this kind of conduct involving family members in the circumstances under which it was committed and over the period of time it was committed indicates a strong compulsion, or when it comes to children, a compulsion which is likely to reoccur.
 And therefore, I find by clear and convincing evidence that the state has proven to this court that the defendant is a person who was convicted of, or plead guilty to committing a sexually-oriented offense, and is likely to engage in the future in one or more sexually- oriented offenses. [Tr. 2115-2116.]
Finally, defendant contends the trial court erred when it considered the trial testimony during the course of the sexual predator determination. However, this contention is also without merit. Lewis, supra. Defendant's seventh assignment of error is overruled.
In his eighth assignment of error, defendant maintains the trial court imposed an excessive sentence. In support of this argument, defendant states merely that a sentence should not be unduly influenced by passion, and in this case, that the judge's words "reveal his passion."
Ohio law provides trial courts with broad discretion when sentencing within the statutory guidelines. State v. Cassidy (1984),21 Ohio App.3d 100, 102. In order to lawfully impose consecutive sentences, a trial court must comply with the requirements of R.C.2929.14(E)(4), which provides:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
In passing sentence in this matter, the court explained:
 *** The acts that you have committed and have been found guilty of have severely harmed the two individuals, Erica Darthard and Tracie Jennings, your own daughter.
 What you have been convicted of doing to them and what they have suffered, they will have to live with for the rest of their lives. No sentence that I can pass in this case can adequately make up for that.
 In my view, there are few crimes that are more serious and more reprehensible than sexual abuse of children, in this case, your niece and your own natural daughter. Those acts are reprehensible. [Tr. 2160.]
In regard to the counts committed against Erica, the court found:
 I hereby sentence you to the maximum term of imprisonment of two years on each count.
 In imposing this sentence, I note that offenses were committed against the child of eight to ten years old, who was a relative, and perhaps even more important under your care and supervision at the time of the commission of the offenses.
 I consider these to be aggravating circumstances, supporting the imposition of the maximum sentence on each count.
 I have heard no mitigating circumstances since these are separate and distinct offenses committed at separate times with a separate animus ***. [Tr. 2161.]
In regard to the counts committed against Tracie, the court found:
 I further find that Tracie Jennings suffered serious psychological harm as a result of the commission of theses offenses and that your relationship with Tracie Jennings facilitated the offenses.
***
 I further find that in imposing the shortest term of imprisonment, six months on each count would demean the seriousness of these offenses.
 It would not protect the public from future criminal activity.
 In my view, Mr. Jennings, you have committed the worst form of these offensive [sic] gross-sexual imposition, in that the victim was your own daughter.
***
 I order that these terms be served consecutively, and that the harm caused to Tracie Jennings and other members of your family and the circumstances under which it was caused where you were in the care and custody of Tracie Jennings was so great, that a single term of 18 months would not adequately reflect the seriousness of your conduct. [Tr. 2162- 2163.]
As set forth above, the trial court gave adequate findings and support for the sentence imposed upon defendant. Defendant's eighth assignment of error is overruled.
Defendant argues in his ninth assignment of error that he was denied his constitutional right to effective counsel. In order to establish that he has been denied the effective assistance of counsel, defendant must show that trial counsel's performance fell below an objective standard of reasonable representation, and that he was prejudiced by such performance. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus, and Strickland v. Washington (1984), 466 U.S. 668. To establish prejudice, defendant must demonstrate that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. Id. The United States Supreme Court has explained:
 *** First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction *** resulted from a breakdown in the adversary process that renders the result unreliable. [Strickland, supra, at 687.]
In Strickland, the United States Supreme Court also cautioned that counsel will be "strongly presumed" to have rendered adequate representation, and that "the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Id. at 689.
In State v. Frazier (1991), 61 Ohio St.3d 247, the Ohio Supreme Court explained:
 *** [T]he Strickland court strongly cautioned courts considering the issue of ineffective assistance of counsel that "[j]udicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. *** Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" [Id. at 253, quoting Strickland, supra, at 689.]
While defendant makes many general claims, each of which we have carefully examined and discussed in our discussion of defendant's preceding assignments of error, we are unable to conclude that the performance of defendant's trial counsel fell below an objective standard of reasonable representation, or that defendant was materially prejudiced by counsel's alleged substandard performance. As to counsel's alleged failure to demand an "in limine" hearing concerning the "other acts" evidence, counsel filed a motion in limine regarding this issue which was first addressed in chambers and then on the record. After the court's adverse ruling, counsel properly noted defendant's objection. As for Dr. Johnson's testimony, there was no error in failing to object, as that testimony was properly admitted. Again, as to counsel's failure to object to the sexual predator hearing as "fundamentally unfair," we find no error. Finally, as for defendant's general claims regarding counsel's trial preparation and procedure, we again find no error. Defendant's ninth assignment of error is therefore overruled.
In his tenth and final assignment of error, defendant attempts to garner his preceding allegations in support of a claim that the cumulative effect of the errors committed in this case denied him a fair trial. While it is true in certain unique cases that multiple harmless errors, when considered together, may violate a defendant's right to a fair trial, this is not one of those cases. Cf. State v. DeMarco (1987), 31 Ohio St.3d 191. Defendant's tenth assignment of error is also overruled.
Having overruled all ten of defendant's assignments of error, we hereby affirm the judgment of the Franklin County Court of Common Pleas.
TYACK and DESHLER, JJ., concur.