**[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 260.]**

THE STATE OF OHIO, APPELLEE, *v*. STOWERS, APPELLANT.

[Cite as *State v. Stowers*, 1998-Ohio-632.]

*Criminal Law—Sex offenses—Evidence—Expert witness's testimony that the*
*behavior of an alleged child victim of sexual abuse is consistent with*
*behavior observed in sexually abused children is admissible under the*
*Ohio Rules of Evidence.*

(No. 96-1871—Submitted October 22, 1997 at the Muskingum County Session—
Decided March 18, 1998.)

CERTIFIED by the Court of Appeals for Tuscarawas County, No. 94AP090066.

————————————

{¶ 1} Appellant, James Stowers, Jr., was convicted of four counts of rape. The alleged victims were his children, all four of whom testified at his trial. Three of the four children changed their stories between their initial questioning and the time of trial. At trial, the two who had originally claimed their father abused them testified that he did not, and the one who originally denied being abused by her father testified that the abuse occurred. The testimony of the fourth child was inconclusive.

{¶ 2} The court allowed a clinical psychologist, Dr. Robin Tener, to testify that the behavior of the children who changed their stories was consistent with the behavior of other children who had been sexually abused.

{¶ 3} The court of appeals affirmed Stowers's conviction, but certified a conflict with the decisions of the Court of Appeals for the Twelfth District in *State v. Givens* (Nov. 9, 1992), Warren App. No. CA92-02-015, unreported, 1992 WL 329453, and *State v. Yarber* (1995), 102 Ohio App.3d 185, 656 N.E.2d 1322, on the following issue:

"Whether a trial court errs in permitting an expert witness to testify the behavior of an alleged child-victim of sexual abuse is consistent with the behavior of children who have been sexually abused, because this impermissibly conveys to the jury the expert's belief the child was actually abused."

{¶ 4} The cause is now before this court upon our determination that a conflict exists.

_____

*Robert R. Stephenson II*, Tuscarawas County Assistant Prosecuting Attorney, for appellee.

*Gerald A. Latanich*, Joint County Public Defender's Office, for appellant.

*Mark E. Mulligan*, Ottawa County Prosecuting Attorney, urging affirmance for *amicus curiae*, Ohio Prosecuting Attorneys Association.

*Betty D. Montgomery*, Attorney General, *Jeffrey S. Sutton*, State Solicitor, *Simon B. Karas*, Deputy Chief Counsel, and *Alice L. Robinson-Bond*, Assistant Attorney General, urging affirmance for *amicus curiae*, Ohio Attorney General.

*Gold, Rotatori, Schwartz Co., L.P.A.*, and *John S. Pyle*, urging reversal for *amicus curiae*, Ohio Association of Criminal Defense Lawyers.

_____

**COOK, J.**

{¶ 5} An expert witness's testimony that the behavior of an alleged child victim of sexual abuse is consistent with behavior observed in sexually abused children is admissible under the Ohio Rules of Evidence. Therefore, the trial court did not abuse its discretion by admitting Dr. Tener's testimony.

{¶ 6} According to the appellate court's formulation of the issue certified to this court, if the expert testimony at issue is inadmissible, it is because it "impermissibly conveys to the jury the expert's belief the child was actually abused." It *is* permissible, however, for an expert to convey this belief to the jury. Evid.R. 704 provides that opinion evidence is not objectionable solely because it

embraces an ultimate issue of fact. We have applied this rule to expert testimony in child sexual abuse cases: "In *Boston*, this court determined that expert testimony on the ultimate issue of whether sexual abuse has occurred in a particular case is helpful to jurors and is therefore admissible pursuant to Evid.R. 702 and 704." *State v. Gersin* (1996), 76 Ohio St.3d 491, 494, 668 N.E.2d 486, 488, citing *State v. Boston* (1989), 46 Ohio St.3d 108, 545 N.E.2d 1220.

{¶ 7} Despite *Boston*, Stowers argues that Dr. Tener should not have testified as an expert about the behavior of child sexual abuse victims because there is no child sexual abuse syndrome officially recognized by the psychiatric profession and therefore her testimony lacked a scientific basis. Dr. Tener's testimony, however, qualifies under Evid.R. 702(B) based upon her "specialized knowledge, * * * experience, training, [and] education regarding the subject matter * * *." According to Evid.R. 702(C), her testimony must be based on "reliable * * * specialized information" to be admitted, but because her testimony did not involve scientific or technical testing or procedures, the further requirements of Evid.R. 702(C)(1) to (3) are not at issue, notwithstanding Stowers's argument to the contrary.

{¶ 8} "[A] witness qualified as an expert by knowledge, skill, experience, training or education may have her testimony presented in the form of an opinion or otherwise and *it need not be just scientific or technical knowledge*. The rule includes more. The phrase 'other specialized knowledge' is found in the rule and, accordingly, if a person has information which has been acquired by experience, training or education which would assist the trier of fact in understanding the evidence or a fact in issue and the information is beyond common experience, such person may testify. * * * [I]n child abuse cases, experts, properly qualified, might

include a priest, a social worker or a teacher, any of whom might have specialized knowledge." (Emphasis added.) *Boston* at 118-119, 545 N.E.2d at 1231.[1]

{¶ 9} Through her psychological training and professional experience, Dr. Tener gained specialized knowledge that the average person lacks about behavioral characteristics of child abuse victims. "Most jurors would not be aware, in their everyday experiences, of how sexually abused children might respond to abuse. Incest is prohibited in all or almost all cultures and the common experience of a juror may represent a less-than-adequate foundation for assessing whether a child has been sexually abused." *Boston* at 128, 545 N.E.2d at 1239.

{¶ 10} Stowers next argues that testimony by Dr. Tener linking the behavior of the Stowers children with behavior of other sexually abused children implied that she believed the children's testimony and her testimony thus served to bolster the children's credibility in violation of the *Boston* holding. This argument is similar to the one accepted by the court of appeals in one of the cases cited in conflict, *State v. Givens* (Nov. 9, 1992), Warren App. No. CA92-02-015, unreported, 1992 WL 329453.[2] Both *Givens* and Stowers, however, misinterpret the *Boston* syllabus. The argument they advance fails to distinguish between expert testimony that a child witness is telling the truth and evidence which bolsters a child's credibility insofar as it supports the prosecution's efforts to prove that a child *has* been abused.

{¶ 11} *Boston*'s syllabus excludes expert testimony offering an opinion as to the truth of a child's statements (*e.g.*, the child does or does not appear to be

---

1. Evid.R. 702 has been amended since *Boston* was decided, but the amendment "reflect[s] the Ohio Supreme Court's interpretation of the rule's pre-amendment language" and "no substantive change from prior law is intended." Staff Note (July 1, 1994 Amendment). Also, Evid.R. 102 provides that the Rules of Evidence "shall be construed to state the principles of the common law of Ohio unless the rule clearly indicates that a change is intended."

2. In *State v. Yarber* (1995), 102 Ohio App.3d 185, 656 N.E.2d 1322, the other case cited as in conflict, the expert witness "never testified or inferred [*sic*] that [the alleged victim]'s behavior was consistent with victims of sexual abuse." *Id.* Thus, its holding is unrelated to the issue in this case.

fantasizing or to have been programmed, or is or is not truthful in accusing a particular person). It does not proscribe testimony which is additional support for the truth of the *facts testified to* by the child, or which assists the fact finder in assessing the child's veracity.

{¶ 12} Therefore, Dr. Tener's testimony did not violate *Boston,* though it included an explanation that behaviors like recantation of accusations and delayed disclosure of incidents of sexual abuse are seen in children that have been sexually abused. She testified that even though the children changed their stories, her assessment that they had been abused did not change. Such testimony is permitted to counterbalance the trier of fact's natural tendency to assess recantation and delayed disclosure as weighing against the believability and truthfulness of the witness. This testimony "does not usurp the role of the jury, but rather gives information to a jury which helps it make an educated determination." *Gersin* at 494, 668 N.E.2d at 488.

{¶ 13} Stowers further argues that even if *Boston* and the Rules of Evidence generally allow expert testimony about the behavior of sexually abused children, the interviews were so suggestive that they contaminated the children's later statements, and that Dr. Tener's testimony was based on belief in the children's tainted statements and therefore her testimony should have been excluded. This issue is beyond the scope of the certified question. Nevertheless, our discussion has answered Stowers's argument by clarifying that the basis of Dr. Tener's testimony was not her belief in the children's statements but rather conclusions drawn from her observations of the children's behavior.

{¶ 14} Thus, the trial court did not abuse its discretion by admitting Dr. Tener's testimony as to the consistency of the Stowers children's behavior with general behavioral characteristics observed in sexually abused children. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., F.E. SWEENEY and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, RESNICK and PFEIFER, JJ., dissent.

_____

**ALICE ROBIE RESNICK, J., dissenting.**

{¶ 15} I respectfully dissent from the majority's holding that "[a]n expert witness's testimony that the behavior of an alleged child victim of sexual abuse is consistent with behavior observed in sexually abused children is admissible under the Ohio Rules of Evidence." This holding is not only imprecise, but is also incorrect. The majority, when addressing Evid.R. 702, contends that the "further requirements of Evid.R. 702(C)(1) to (3) are not at issue" since Dr. Tener's testimony did not involve scientific or technical testing or procedures. What is the field of psychology or psychiatry if it is not scientific? Dr. Tener, while making her observations and comparisons of Mary Sue Stowers with other sexually abused children, was most certainly engaged in a technical and scientific procedure. But regardless of that fact, such testimony should be inadmissible until it is scientifically established that there are proven and accepted behavioral characteristics of a standard child-sexual-abuse victim. At the present time there is not a sufficient database to scientifically support such testimony.

{¶ 16} Not all experts in the field of child sexual abuse agree on standard characteristic indicators of sexual abuse victims. In fact, some experts have specifically refuted the claim that there are reliable "indicators" of child sexual abuse. As Richard A. Gardner, M.D., Clinical Professor of Child Psychiatry at Columbia University, states:

"The fact that *DSM-III-R* [Diagnostic and Statistical Manual of the American Psychiatric Association] does not recognize [the sex abuse] syndrome and the fact that it is the only syndrome in the history of psychiatry that includes *all* psychological symptoms and behavioral manifestations—both normal and abnormal—does not deter these evaluators from resorting to this meaningless

statement." (Emphasis *sic*.) Gardner, True and False Accusations of Child Sex Abuse (1992) 294.

{¶ 17} Because of the multitude of symptoms and indicators, great caution should be used when allowing expert testimony, since jurors look to scientific experts to provide reliable evidence of guilt or innocence. In this case, Dr. Tener, who had extensive experience with child-sex-abuse victims, specifically testified:

"And with Mary Sue I felt that she had much anger, much anxiety, much feelings of guilt[.] * * *

"* * * [M]any children show guilty feelings, a sense of responsibility for what took place. Mary Sue showed all of the above and I've testified repeatedly about how guilty she felt and wanted me to know that it was not her fault, that she didn't know what was going on till she was older, etcetera. These kinds of reactions are associated with events that you find that people label as wrong, sexual abuse being one of those kind[s] of events. And I found Mary Sue's reactions to be quite consistent with other children who are in the same kind of predicament of having made a statement about sexual abuse and realizing the ramifications of those statements."

{¶ 18} While it might be expedient to permit experts to solve sexual abuse cases, the most reliable evidence still comes from the child victim. Judges and jurors are the best fact-finders as to the credibility of witnesses in determining guilt or innocence. Until a sufficient database can be established to support so-called child-sexual-abuse indicators, expert testimony concerning standard indicators should be inadmissible. Rather than assisting the fact-finders, such expert testimony can be misleading, especially since the scientific community is not in agreement as to what standard symptoms a victim of sexual abuse exhibits.

{¶ 19} Dr. Tener testified that anger, anxiety, feelings of guilt, and a sense of responsibility for what took place are standard indicators of child sexual abuse. However, it should be noted that these are not the only such indicators. Experts

have cited numerous other indicators or symptoms of child sexual abuse. This diversity of indicators underscores the state of flux that exists in profiling the so-called standard indicators of child sexual abuse.

{¶ 20} In a manual for therapists the following common symptoms of child-sexual-abuse victims are listed:

- "Sudden behavioral changes—shyness, regression, withdrawal, aggression, hyperactivity, secretiveness, clinging behavior.

- "Fears — of the dark, of being alone, of certain people.

- "Sleep difficulties — inability to sleep, nightmares, night terrors.

- "Eating problems — change in eating patterns, loss of appetite.

- "Sexual acting out — touching others, excessive masturbating, inserting objects into genitals/rectum, drawing nude figures/explicit genitals, re-enacting sexual acts with toys.

- "Soiling/bedwetting (encopresis/enuresis)

- "Mature sexual language/preoccupation with sexual language.

- "Age-inappropriate behavior — thumb-sucking in older children, sexual precocity in younger children.

- "Avoidance of specific activities — of sports, showers, school attendance.

- "Somatic problems — headaches, digestive problems."

Mayer, Child Sexual Abuse and the Courts (1990) 65.

{¶ 21} Additionally, the manual goes on to list the emotional reactions of child-sexual-abuse victims:

embarrassment, ambivalence, distrust, fear, guilt, confusion, depression, hurt, avoidance, anger, and powerlessness. *Id.* at 66-67.

{¶ 22} From the foregoing, it can readily be seen that sexually abused children exhibit numerous and diverse emotions and reactions. These are the same emotions and reactions that many nonabused children exhibit.

**{¶ 23}** The symptoms or indicators of child sexual abuse to which Dr. Tener testified, anger, anxiety, and feelings of guilt, could just as likely arise from other causes and are not unique to sexual-abuse victims. The judicial system should not rush to admit such testimony. Rather, we should admit expert testimony only when it has been " 'sufficiently developed, as a matter of commonly accepted scientific knowledge, to warrant testimony under the guise of expertise.' " *State v. Koss* (1990), 49 Ohio St.3d 213, 215, 551 N.E.2d 970, 972.

**{¶ 24}** For the foregoing reasons, I would reverse the judgment of the court of appeals.

DOUGLAS and PFEIFER, JJ., concur in the foregoing dissenting opinion.

_____