[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Howard Michael House was convicted in 1992 of four counts of rape of a child under thirteen by force or threat of force and seven counts of gross sexual imposition of a child under thirteen by force or threat of force. He was sentenced to a life term on the first charge and two years on the second, to be served consecutively. House timely appealed and this court, although it found two errors had been committed by the trial court, one of which was prejudicial, affirmed the judgment because neither error had been objected to by House's trial counsel, and they did not seem to rise to the level of plain error. State v. House (Dec. 17, 1993), Montgomery App. No. 13642, unreported.
Over four years later, House filed an application to reopen his appeal pursuant to App.R. 26(B), on the grounds that he received ineffective assistance of appellate counsel because that counsel did not raise as an assignment of error the ineffective assistance of his trial counsel. After initially questioning the timeliness of his application, we ultimately granted it, but limited his assignments of error "to those matters raised in his application to reopen his appeal." State v. House, Decision and Entry (July 20, 1998), Montgomery App. No. 13642, unreported. House argues his trial counsel provided ineffective assistance because he did not object in time to a cursory competency hearing of the three children involved, and there was no objection to the testimony of Dr. Rohrer, an emergency room physician, before the jury, that the victims had been sexually abused.
As to the latter issue, this court stated, Judge Fain writing, in our Opinion on the direct appeal, that: "Under these circumstances, Dr. Rohrer essentially was testifying that the jury should believe the victims when they said that they had been sexually abused. This is precisely what an expert is not permitted to testify to, according to State v. Boston (1989),46 Ohio St.3d 108. We therefore conclude the trial court erred when it admitted its testimony." We went on to add that "we would find the admission of this testimony to be prejudicial error, meriting a reversal, had a timely objection been interposed . . ."
The State maintains that the recent decision of the Ohio Supreme Court in State v. Stowers (1998), 81 Ohio St.3d 260, approves the admission of expert testimony that provides "additional support for the truth of the facts testified to by the child, or which assists the fact finder in assessing the child's veracity." Id., 263. Dr. Rohrer found no physical evidence of sexual abuse and testified, in effect, that such a finding did not rule out sexual abuse. But she went further. She stated more than once: "My impression was that this child had been sexually abused . . ." e.g. Tr. 396, 405. She further admitted that she based her impression on ". . . the history that she gave me . . . ." Thus we have here not only the Stowers-approved testimony, but also ". . . expert testimony that a child witness is telling the truth . . ." (Stowers, 262) which is still proscribed afterStowers.
The issue raised by House in his reopened appeal has already been answered by this court, that is, we found that trial counsel was deficient in his representation of House at trial. We, therefore, sustain House's assignment of error, finding implicitly that his appellate counsel was ineffective for not having raised ineffectiveness of trial counsel, at least on the issue of the testimony of Dr. Rohrer.
As to the competency examination of the children involved, this court stated in its opinion on the direct appeal, as follows:
 We agree with House's characterization of the trial court's competency examination as "cursory." Specifically, there was missing any inquiry concerning the child's awareness of the importance of her obligation to tell the truth in a judicial proceeding. See, for example, State v. Lee
(1983), 9 Ohio App.3d 282, 283. Although the trial court elicited from each child, in a conclusory manner, that the child understood the difference between the truth and a lie, and that the child was going to tell the truth in the courtroom, there was no inquiry concerning the child's awareness of possible adverse consequences of lying in the courtroom, whether of a spiritual or a temporal nature. In our view, this was a serious deficiency.
 Furthermore, the trial court should have done more than simply elicit an affirmative response to the question whether the child understood the difference between the truth and a lie. For example, the child could have been asked to give examples of lies told by herself or by others, so as to make sure that she has an awareness of the difference.
* * *
 Furthermore, there was never any objection interposed to the testimony from the third victim, who was over the age of ten at the time of trial, but who was under the age of ten during some of the alleged offenses. Thus, we conclude that this entire assignment of error is governed by the plain error standard.
Nevertheless, we discussed some countervailing arguments on the issue and found it did not rise to the level of plain error. However, on remand, we advise the trial court to conduct its competency exam, if one is held, with the guidelines set forth in the opinion of this court rendered on December 17, 1993, cited above.
Judgment reversed, and the case is remanded for further proceedings consistent with this opinion.
BROGAN, J. and FAIN, J., concur.
Copies mailed to:
Karyn J. Lynn
Timothy Young
Hon. David A. Gowdown