JOURNAL ENTRY and OPINION
Applicant, Roland Bluford, has filed a timely application for reopening pursuant to App.R.26 (B). The applicant is attempting to reopen the judgment of this court, as rendered in State v. Bluford
(Dec. 9, 1999), Cuyahoga App. No. 75228, unreported, which affirmed the applicant's conviction for three counts of rape (R.C. 2907.02). For the following reasons, we decline to grant the application for reopening.
The doctrine of res judicata may be applied to bar further litigation of issues which were raised previously or could have been raised through the appellate process. See, generally, Statev. Perry (1967), 10 Ohio St.2d 175. The Supreme Court of Ohio has also established that a claim of ineffective assistance of appellate counsel may be barred by res judicata unless circumstances render the application of the doctrine unjust. Statev. Murnahan (1992), 63 Ohio St.3d 60.
Herein, the applicant possessed a prior opportunity to raise and argue the claim of ineffective assistance of appellate counsel through an appeal to the Supreme Court of Ohio. On January 20, 2000, the applicant did file an appeal, pro se, with the Supreme Court of Ohio and either raised or could have raised the issue of ineffective assistance of appellate counsel. The Supreme Court of Ohio, however, dismissed the applicant's appeal on or about May 5, 2000. Since the issue of ineffective assistance of appellate counsel was raised or could have been raised on appeal to the Supreme Court of Ohio, res judicata now bars any further review of the claim. We further find no impediment to the application of res judicata herein and we find the application just. State v. Dehler
(1995), 73 Ohio St.3d 307; State v. Terrell (1995), 72 Ohio St.3d 247; State v. Lemons (Jan. 15, 1998), Cuyahoga App. No. 71644, unreported, reopening disallowed (June 25, 1998), Motion No. 93986;State v. Cummings (Oct. 17, 1996), Cuyahoga App. No. 69966, unreported, reopening disallowed (Mar. 26, 1998), Motion No. 92134;State v. Searles (Nov. 5, 1990), Cuyahoga App. No. 57665, unreported, reopening disallowed (Nov. 21, 1997), Motion No. 86124;State v. Smith (Jan. 29, 1996), Cuyahoga App. No. 68643, unreported, reopening disallowed (June 14, 1996), Motion No. 71793.
Finally, a substantive review of the applicant's brief in support of the application for reopening fails to demonstrate the existence of ineffective assistance of appellate counsel. The applicant raises four proposed assignments of error in support of his claim of ineffective assistance of appellate counsel. The applicant's four proposed assignments of error are:
 I. THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION 10 OF THE OHIO CONSTITUTION FOR COUNSEL'S FAILURE TO RAISE THE ISSUE THAT THE TRIAL COURT ERRED IN ADMITTING PHILLIS MARIS (SIC) TESTIMONY AND EXPERT OPINION INTO EVIDENCE.
 II. THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION 10 OF THE OHIO CONSTITUTION FOR COUNSEL'S FAILURE TO RAISE THE ISSUE THAT THE TRIAL COURT ERRED BY ALLOWING THE JURY TO CONSIDER PREJUDICIALLY IRRELEVANT EVIDENCE.
 III. THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION 10 OF THE OHIO CONSTITUTION FOR COUNSEL'S FAILURE TO RAISE THE ISSUE THAT THE TRIAL COURT ERRED IN AMENDING THE INDICTMENT AT TRIAL.
 IV. THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION 10 OF THE OHIO CONSTITUTION FOR COUNSEL'S FAILURE TO RAISE THE ISSUE THAT THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
In an appeal to this court, appellate counsel is not required to argue assignments of error which are meritless or frivolous.Jones v. Barnes (1983), 463 U.S. 745. Consideration of the applicant's four "constitutional" arguments, as raised in the application for reopening, would not have resulted in a reversal of the applicant's conviction for three counts of rape. Specifically, we find no error of law associated with the admission of the testimony at trial of Phyllis Maris, a clinical psychologist.State v. Stowers (1988), 81 Ohio St.3d 260; State v. Martens
(1993), 90 Ohio App.3d 338. We further find that the testimony of Joann McNealy, the victim's mother, was not irrelevant or prejudicial and that the trial court properly amended the indictment during the course of trial. State v. Sibert (1994),98 Ohio App.3d 412; State v. Madden (1984), 15 Ohio App.3d 130; Statev. Gingell (1982), 7 Ohio App.3d 364. Finally, we find nothing in the record to support the applicant's claim that trial counsel was ineffective during the course of trial.
Appellate counsel was not ineffective upon appeal to this court. Strickland v. Washington (1984), 466 U.S. 668; State v.Smith (1985), 17 Ohio St.3d 98; Vaughn v. Maxwell (1965), 2 Ohio St.3d 299.
Accordingly, the applicant's application for reopening is denied.
DYKE, A.J., and PORTER, J., CONCUR.
 __________________________ MICHAEL J. CORRIGAN, JUDGE