OPINION
{¶ 1} Defendant Gregory M. Lindsay appeals a judgment of the Court of Common Pleas of Richland County, Ohio, convicting and sentencing him for one count of sexual battery in violation of R.C. 2907.04 and two counts of corrupting another with drugs in violation of R.C. 2925.02, after a jury found him guilty. Appellant assigns two errors to the trial court:
 {¶ 2} "The trial court committed prejudicial error by failing to exclude from evidence prior allegations of sexual abuse by appellant.
 {¶ 3} "The trial court committed prejudicial error by failing to exclude opinion testimony as to the credibility and/or believeablility of the alleged victims and their allegations against defendant-appellant."
 {¶ 4} At trial, the State presented evidence appellant permitted his thirteen-year old daughter Janaya and her friend Heidi to consume alcohol, smoke marijuana, and then touched his daughter's breasts and crotch.
 I II {¶ 5} In appellant's first assignment of error, he argues the trial court should not have permitted the State to present evidence of prior, unindicted acts in order to bolster its case against him. In his second assignment of error, appellant argues the trial court permitted various persons to offer opinion testimony as to the credibility of the alleged victims. The two issues are interrelated, and we will address them together.
 {¶ 6} The prosecution called appellant's daughter, who testified appellant had molested her when she was small. She further testified that several weeks before the incident which was the subject of the charges, appellant had attempted to molest her, but she had refused. The State then called Janaya's mother, who testified when her daughter was five years old, appellant had molested her. The mother further testified she had reported the earlier incident to the Richland County Board of Children's Services. The mother testified when her daughter told her of the recent abuse, she confronted appellant with the accusation. The court permitted the child's mother to testify that although appellant denied it, she did not believe him because he had molested the child on a prior occasion. The mother also testified she was present when her daughter related the attempted molestation a few weeks earlier.
 {¶ 7} The prosecution called an intake worker for Children's Services, who testified she did not interview either Janaya or Heidi about the claimed sexual abuse incident, but only read their statements to the police. The intake worker was permitted to offer her opinion the girls' report was credible. The intake worker not only testified regarding the report made in 1993, alleging sexual abuse, but also the trial court admitted the 1993 report into evidence. The intake worker testified because the first report of sexual abuse had been classified as "indicated", it made the current charge against appellant more likely to be true.
 {¶ 8} The State called Teresa Rowe, an emergency room nurse specializing in performing post-sexual abuse medical examinations. The nurse testified she found no physical evidence of abuse, but offered her opinion that the evidence findings were nevertheless consistent with the allegations. The nurse testified Janaya had told her her father had molested her when she was much younger, and the nurse put these statements into her examination report. The examination report was admitted into evidence. The nurse testified the alleged victim had not done or said anything to indicate untruthfulness.
 {¶ 9} Jeffrey Shook, a detective for the Mansfield Police Department testified the alleged victim had told him a couple weeks prior to the alleged incident, appellant had forced her into a sexual act. The detective was also permitted to give his opinion, the two girls' allegations appeared to be truthful, because there was nothing about what they said that appeared to be inaccurate. Detective Shook also offered his opinion there were no factors which would make the allegations appear untrue.
 {¶ 10} In response, appellee argues this court need look no further than the "overwhelming direct eyewitness evidence" of appellant's daughter, and her friend. The State submitted this testimony alone presented the jury with sufficient competent and credible evidence upon which it could have found beyond a reasonable doubt appellant had committed the sexual battery for which he was convicted. The State urges us even excluding any inappropriate evidence, the evidence presented was more than adequate to sustain the conviction. Further, the State argues some of the statements were not objected to, and this court must review them under the standard of plain error. Pursuant to the doctrine of plain error, we must determine whether the jury would have convicted appellant even if the error had not occurred, see State v. Slagle (1992),65 Ohio St.3d 597. The State reminds us notice of plain error is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice, State v. Long (1978),53 Ohio St.2d 91. The State urges it cannot be said in this case a manifest miscarriage of justice has occurred.
 {¶ 11} Regarding the first assignment of error, the introduction of other bad acts, Evid.R. 404(B) provides evidence of other crimes is not admissible to prove the character of the person in order to show the person acted in conformity therewith, but it may be admissible for other purposes, such as proof of motive, opportunity, and intent, preparation, plan, knowledge, identity, or evidence of mistake or accident. Appellant argues the immense body of evidence concerning the prior allegations of sexual misconduct was offered into evidence to make it appear he had acted in conformity with the character of a child molester. The State argues the evidence was admissible to show absence of the mistake or accident, or intent. The State argues appellant had denied molesting his daughter but, had admitted he rubbed her abdomen to alleviate her stomach ache. The State argues the evidence was relevant to the defendant's truthfulness.
 {¶ 12} Even if this character evidence were admissible, Evid.R. 403 requires the court to exclude the evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. We find this evidence was inadmissible, as well as grossly prejudicial, and unnecessary to demonstrate absence of mistake or accident.
 {¶ 13} In addition to the above, various witnesses offered their opinions as to credibility and truthfulness based upon the above prior bad acts. The Supreme Court has decided a line of cases to provide guidelines in the very difficult area of sexual abuse involving children. One of the first cases was State v. Boston (1989), 46 Ohio St.3d 108, 545 N.E.2d 1220. In Boston, the alleged victim was three years old, and not available to testify against the defendant. In Boston, the Supreme Court held an expert may not testify as to the expert's opinion of the veracity of the child declarant.
 {¶ 14} In State v. Stowers, 81 Ohio St.3d 260, 1998-Ohio-632, 690 N.E.2d 881, the Supreme Court explained its holding in Boston. The Supreme Court held an expert may testify as to the consistency of the child's behavior with general behavioral characteristics observed in sexually abused children. The Supreme Court explained one must distinguish between expert testimony that this particular child is telling the truth, and evidence which demonstrates additional support for the truth of the facts testified to by the child or which assists the fact finder in assessing the child's veracity. The purpose is to give the information to a jury to help it make an educated determination of the particular witness.
 {¶ 15} With the possible exception of nurse Rowe's testimony regarding allegations of finger penetration which were consistent with a negative finding of trauma, the vast majority of the testimony by the various State's witnesses did not comply in any manner with Boston,
supra, or Stowers, supra.
 {¶ 16} We find in light of five witnesses offering inadmissible and grossly prejudicial testimony, we cannot agree with the State the jury would have convicted appellant absent the inadmissible evidence. We further find the companion charges of corrupting another with drugs or alcohol are fatally contaminated by the improper evidence. Regretfully, we must find the above was error.
 {¶ 17} The first and second assignments of error are sustained.
 {¶ 18} For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
 By: Gwin, P.J., and Farmer, J., concur Edwards, J., concurs separately.