OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, Jose Rosado, appeals the judgment of the Mahoning County Court of Common Pleas which found him guilty of multiple counts of rape, some of which contained life specifications, sentenced him accordingly, and found he was a sexual predator.
 {¶ 2} Rosado argues the trial court violated his Sixth Amendment right to confront the witnesses against him when it did not allow him to introduce evidence of a victim's past sexual behavior. On appeal, a defendant waives any argument he had the opportunity to make before the trial court but did not. The record does not reflect that Rosado ever made his Sixth Amendment argument to the trial court. Accordingly, that argument is waived on appeal.
 {¶ 3} Rosado also complains that the trial court committed plain error when it allowed the State's expert witness to testify that her physical findings were consistent with sexual abuse. An expert witness is not allowed to give an opinion on the veracity of a declarant's statements. But in this case, the expert's testimony did not do that. Instead, she gave an opinion which was additional support for the truth of the facts the victims testified to. Thus, the trial court did not commit plain error when it allowed the expert to make this conclusion. Because Rosado's arguments are meritless, the trial court's judgment is affirmed.
Facts
 {¶ 4} Rosado is the stepfather of the first victim, born on January 13, 1985, and the father of twins, the second victim and her brother, born October 7, 1986. He married the children's mother, Lisa, around 1990. Rosado lived with Lisa, the children, and the children's cousin.
 {¶ 5} In January 2001, Lisa called the Youngstown Police Department to report that Rosado had raped his daughter and stepdaughter. The police investigated the report. During that investigation, the children were examined by Jan Gorsuch, a nurse-practitioner who worked for the Tri-County Child Advocacy Center and investigated charges of abuse. As a result of this investigation, Rosado was indicted on twenty counts of rape, beginning in 1991 and committed each year thereafter through 2000.
 {¶ 6} Prior to trial, Rosado moved for an evidentiary hearing pursuant to R.C. 2907.02(E) to determine whether certain evidence he wished to introduce was barred by the Rape Shield Act. The trial court heard the matter and concluded the evidence Rosado wished to introduce was barred by the Rape Shield Act.
 {¶ 7} The matter proceeded to jury trial where Rosado was found guilty of nineteen counts of rape. It also found him guilty of a life specification on some of those counts. The trial court sentenced Rosado to life on thirteen counts, to ten years for each of the remaining six counts, and ordered the definite terms be served consecutively. In a separate entry filed the same day, the trial court determined that Rosado is a sexual predator. It is from this judgment that Rosado timely appeals.
 Waiver of Constitutional Application of the Rape Shield Act {¶ 8} Rosado's first assignment of error argues:
 {¶ 9} "The trial court erred to the substantial prejudice of the Appellant in the application of the rape-shield law in violation of the 6th Amendment of the Constitution of the United States."
 {¶ 10} More specifically, he argues that because the State's expert witness testified that his step-daughter's injuries could have been caused by normal intercourse, he should have been allowed to introduce evidence which inferred that she had sex with her boyfriend. He admits the Rape Shield Act bars the introduction of this evidence, but contends that this violates his Sixth Amendment right to confront witnesses against him and infringed on his ability to present a defense because the probative value of this evidence outweighs its prejudicial nature.
 {¶ 11} Rosado's argument on appeal is different than the one he made before the trial court. There, he argued the evidence he wished to introduce was admissible under the Rape Shield Act. He now concedes that the evidence is inadmissible under that Act. Instead, he asserts the statute is unconstitutional as applied to him. But the record does not reflect Rosado ever argued this issue to the trial court. "Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." State v. Awan (1986), 22 Ohio St.3d 120, 22 OBR 199,489 N.E.2d 277, syllabus.
 {¶ 12} The record reveals two places where Rosado could have made his constitutional argument, at the pre-trial hearing held pursuant to R.C. 2907.02(E) or at trial. But the only transcript Rosado has provided us on appeal is his trial transcript. Clearly, he did not make his constitutional argument at trial. And because he did not provide us with a transcript of his pre-trial hearing, we cannot tell whether he made that argument at that hearing.
 {¶ 13} It is the appellant's burden to provide an adequate record and when an appellant fails to provide the transcripts necessary for appellate review, then an appellate court has no choice but to presume the validity of the trial court's proceedings as to those assigned errors, and affirm its decision. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199, 15 O.O.3d 218, 400 N.E.2d 384. Because the record does not reflect that Rosado ever made his constitutional argument to the trial court, he has waived his ability to make the Sixth Amendment arguments he is currently presenting to this court. See State v. Harvey
(Dec. 31, 1986), 12th Dist. No. CA 86-03-021. Accordingly, Rosado's first assignment of error is meritless.
Expert's Opinion on the Veracity of a Witness
 {¶ 14} In his second assignment of error, Rosado argues:
 {¶ 15} "Appellant was denied a fair trial by the admission of an expert opinion in an area in which the witness was not permitted by law to testify."
 {¶ 16} Rosado contends that an expert may not give an opinion on the truthfulness of another witness's testimony. He argues Gorsuch gave such an opinion when she testified that the findings of her physical examination of the children were consistent with sexual abuse. Thus, he believes the trial court committed error when it allowed this testimony into the record.
 {¶ 17} Rosado did not object to this portion of Gorsuch's testimony at trial. "An appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." State v.Williams (1977), 51 Ohio St.2d 112, 5 O.O.3d 98, 364 N.E.2d 1364, paragraph one of the syllabus, vacated on other grounds (1978),438 U.S. 911, 98 S.Ct. 3137, 57 L.Ed.2d 1156. When an appellant has failed to raise an issue in the trial court, he waives all but plain error. Crim.R. 52(B); State v. Issa (2001), 93 Ohio St.3d 49, 56,752 N.E.2d 904.
 {¶ 18} Plain error is an "`obvious error which is prejudicial to an accused, although neither objected to nor affirmatively waived, which, if allowed to stand, would have a substantial adverse impact on the integrity of and public confidence in judicial proceedings.'" Statev. Moore (Nov. 7, 2001), 7th Dist. No. 00AP0741, quoting State v. Craft
(1977), 52 Ohio App.2d 1, 7, 6 O.O.3d 1, 367 N.E.2d 1221. Accordingly, the plain error doctrine should only be applied in extremely rare cases involving exceptional circumstances where the error seriously affects the basic fairness, integrity, or public reputation of the judicial process, challenging the legitimacy of the underlying judicial process itself.Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, 122-123, 679 N.E.2d 1099. "Plain error exists when it can be said that but for the error, the outcome of the trial would clearly have been otherwise." Issa at 56.
 {¶ 19} The Ohio Supreme Court has held that an expert witness in a child sexual abuse case "may not testify as to the expert's opinion of the veracity of the statements of a child declarant." State v. Boston
(1989), 46 Ohio St.3d 108, 545 N.E.2d 1220, syllabus. However, after examining a child, interviewing the child, and reviewing the child's medical history, an expert witness may testify as to whether there was sexual abuse. Id. at 128. Thus, even though an expert may not offer an opinion as to the truth of a child's statements, an expert may give an opinion "which is additional support for the truth of the facts testified to by the child, or which assists the fact finder in assessing the child's veracity." State v. Stowers (1998), 81 Ohio St.3d 260, 262-263,690 N.E.2d 881. In Stowers, the Ohio Supreme Court found an expert could testify that the behavior of the children was consistent with the behavior of other children who had been sexually abused. Id. at 260.
 {¶ 20} This court has already addressed what types of opinions an expert may give in cases involving alleged sexual acts performed on minor children. In State v. Demiduk (June 24, 1998), 7th Dist. No. 96-CO-16, the defendant was found guilty of four counts of corruption of a minor. An expert witness examined his victim and testified at trial. During his testimony, the expert was asked how, within a reasonable degree of medical certainty, the injuries to the victim occurred. He replied that in his opinion they occurred as a result of sexual abuse. On appeal, the defendant argued the answer was an improper expert opinion of credibility and truthfulness. This court rejected that argument.
 {¶ 21} "Dr. Ortiz was clearly not giving her opinion as to the veracity of the child declarant in the case sub judice, rather, Dr. Ortiz was stating her expert opinion on whether sexual abuse had occurred based on her examination of the child. Appellant's interpretation of Boston, supra, is misplaced. Under appellant's rationale, any testimony of an expert that is consistent with another witness or the alleged victim's would improperly bolster veracity." Id. at 3.
 {¶ 22} Other Ohio courts have reached similar conclusions. SeeState v. Netherland (1999), 132 Ohio App.3d 252, 724 N.E.2d 1182; In reMichael (1997), 119 Ohio App.3d 112, 694 N.E.2d 538; State v. Eben
(1992), 81 Ohio App.3d 341, 610 N.E.2d 1109; State v. Fenton (1990),68 Ohio App.3d 412, 588 N.E.2d 951; State v. Moore (Feb. 7, 2001), 9th Dist. No. 00CA007587; State v. Wells (Jan. 7, 2000), 2nd Dist. No. 17501.
 {¶ 23} In this case, the prosecutor asked Gorsuch the following question: "And after your examination of [the children], Miss Gorsuch, what did you determine?" She replied, "That there [sic] physical findings, plus their medical history as they explained to me, were consistent with sexual abuse." As the Fourth District stated in Eben, "This is precisely the sort of expert testimony sanctioned by the Supreme Court in Boston, supra." Id. at 344. Gorsuch did not testify that she thought the victims were truthful. She merely testified that her physical findings were consistent with sexual abuse. Accordingly, Rosado's second assignment of error is meritless.
 {¶ 24} Because each of Rosado's assignments of error are meritless, the judgment of the trial court is affirmed.
Judgment affirmed.
Waite, P.J., and Donofrio, J., concur.