{¶ 105} I concur in the majority's determination that appellant's second, third, fourth, and sixth assignments of error lack merit. However, I respectfully dissent from the majority's decision to reverse on the basis of appellant's first assignment of error and not to rule on appellant's fifth assignment of error. Appellant's first and fifth assignments of error also lack legal merit.
 {¶ 106} With respect to the first assignment of error, appellee, by redirect examination of Detective Prochazka, was simply corroborating the testimony of Carter, that she had borrowed Murton's cell phone repeatedly on the day of the burglary.
 {¶ 107} The majority's and concurrence's concern with Detective Prochazka's testimony would bear more weight if Murton and Carter had not also testified at trial. Since Murton and Carter both testified, there are no issues with the corroborated testimony being hearsay or with appellant's right of confrontation being violated. The jury heard Murton and Carter's testimony and was capable of evaluating Detective Prochazka's response to the prosecutor's hypothetical questions in light thereof. There is nothing inherently unfair about a witness giving testimony that provides additional support for the truth of the facts testified to by another witness. Cf. State v. Stowers, 81 Ohio St.3d 260,262-263, 1998-Ohio-632 (prohibition of expert testimony as to the truth of a child's statements "does not proscribe testimony which is additional support for the truth of the facts testified to by the child"). In the present case, it was within the trial court's sound discretion to permit the prosecutor to ask leading questions.
 {¶ 108} Appellant's first assignment of error lacks merit.
 {¶ 109} As to appellant's fifth assignment of error, appellant claims that the trial court erred by imposing a prison term on him, rather than the minimum sentence.
 {¶ 110} A trial court that imposes sentence upon a felony offender "has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11." R.C. 2929.12(A). In exercising that discretion, the trial court must consider the factors set forth in R.C. 2929.12(B) and (C) relating to the seriousness of the conduct, the factors provided in R.C. 2929.12(D) and (E) relating to the likelihood of the offender's recidivism, and any other factors that are relevant to achieving the purposes and principles of sentencing.
 {¶ 111} A trial court is not required to discuss each of the seriousness and recidivism factors of R.C. 2929.12 individually on the record during the course of a sentencing hearing. A general statement to the effect that the trial court has considered the R.C. 2929.12 factors before imposing sentence is sufficient. State v. Arnett, 88 Ohio St.3d 208,2000-Ohio-302, at 215 ("[R.C. 2929.12] does not specify that the sentencing judge must use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors"); State v. Pettigrew, 1st Dist. No. 19257, 2003-Ohio-315, at ¶ 11 ("where the court's sentence is within the statutory guidelines, we presume that the court considered the factors contained in R.C. 2929.12 absent an affirmative showing that the court failed to do so").
 {¶ 112} In the present case, the trial court stated the following on the record at appellant's sentencing hearing: "The court has considered * * * the principles and purposes of sentencing under Section 2929.11 and I've balanced the seriousness and recidivism factors under Section 2929.12. In that regard, I find that the victim suffered serious psychological and economic harm, and I find that the relationship with the victim facilitated the offense. These make the offense more serious. * * * I find no factors indicating that the offense is less serious. By the way, under more serious, I do find that this was a planned out act, that there was an aborted attempt the previous week because of someone being present. So that this was the — the second attempt at doing this. * * * In terms of factors indicating recidivism is more likely, I find that there is a history of criminal convictions or delinquency adjudications; I find that the Defendant has not responded favorably to previously imposed sanctions, including a prior felony conviction. I find that alcohol and drug abuse is related to the offense and the offender has denied there's a problem or has refused treatment. I find no genuine remorse. I find that two other crimes were committed while on bond in this case. * * * In terms of factors indicating recidivism is less — less likely, I find none. In fact, I find recidivism is highly likely. I don't believe that you have been reformed. * * * After weighing the seriousness and recidivism factors, I find that prison is consistent with the purposes and principles of sentencing and I find that the offender is not amenable to an available community sanction."
 {¶ 113} The trial court stated that it considered the seriousness and recidivism factors of R.C. 2929.12 before imposing sentence, and then went on to discuss a number of these factors individually on the record in open court. By doing so, the trial court went above and beyond what it was required to do by statute. R.C. 2929.12.
 {¶ 114} The trial court imposed a three-year prison term upon appellant. Thus, appellant received more than the minimum sentence, but less than the maximum possible sentence.
 {¶ 115} Upon reviewing the record in the instant case, it is apparent that the trial court specified both of the reasons in R.C. 2929.14(B) supporting its deviation from the minimum prison term of one year for the third-degree felony offense of burglary. Specifically, the trial court stated the following on the record at appellant's sentencing hearing: "The Court also finds, pursuant to Section 2929.14(B), that the shortest prison term will demean the seriousness of the Defendant's conduct and the shortest prison term will not adequately protect the public from future crime by this Defendant, his issues, or any others that are of like mind." The text of the sentencing entry also contains the mandatory finding. In the judgment entry, the trial court included the following explicit finding: "The Court further finds pursuant to the Revised Code Section 2929.14(B) that the shortest prison term will demean the seriousness of the Defendant's conduct and that the shortest prison term will not adequately protect the public from future crime by the Defendant and others."
 {¶ 116} The trial court made the requisite R.C. 2929.14(B) finding both as an oral pronouncement during the course of the sentencing proceeding and as a written statement contained in its subsequent sentencing entry, supporting a sentence greater than the minimum. Statev. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at paragraph two of the syllabus ("Pursuant to R.C. 2929.14(B), when imposing a nonminimum sentence on a first offender, a trial court is required to make its statutorily sanctioned findings at the sentencing hearing.").
 {¶ 117} The trial court did not abuse its discretion in sentencing appellant. Appellant's fifth assignment of error lacks merit.
 {¶ 118} For the reasons stated above, the decision of the Lake County Court of Common Pleas should be affirmed.