{¶ 81} For the following reasons, I respectfully dissent from the majority opinion overruling Sopko's fifth assignment of error as I believe that the trial court erred in admitting the social worker's testimony that David Sopko was the perpetrator.
 {¶ 82} The Supreme Court of Ohio acknowledged that "an expert's opinion testimony on whether there was sexual abuse would aid jurors in making their decision and is, therefore, admissible pursuant to Evid. R. 702 and 704." Boston at 128. However, the Boston court held that "[a]n expert may not testify as to *Page 29 
the expert's opinion of the veracity of the statements of a child declarant." Id. at syllabus.
 {¶ 83} Therein lies the distinction noted by the Supreme Court of Ohio "between expert testimony that a child witness is telling the truth and evidence which bolsters a child's credibility." State v. Stowers (1998),81 Ohio St.3d 260. "The former is inadmissible, while the latter is perfectly permissible." State v. Jordan, 7th Dist. No. 06 HA 586, 2007-Ohio-3333.
 {¶ 84} Furthermore, Evid. R. 403(A) reads, in part: "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." The Supreme Court of Ohio held that "[u]nfair prejudice is that quality of evidence which might result in an improper basis for a jury decision." State v. Crotts (2004),104 Ohio St.3d 432.
 {¶ 85} In the case sub judice, the social worker testified as follows:
 {¶ 86} "Q. Did you make a disposition in this case?
 {¶ 87} "A. I did.
 {¶ 88} "Q. What was that disposition?
 {¶ 89} "A. I substantiated sexual abuse of T.C. with David Sopko as the perpetrator." (Tr. 142-43.)
 {¶ 90} I agree with the majority that in the Smelcer matter, as here, the term "substantiated" is an "inter-departmental determination." However, we *Page 30 
have held that: "Permitting the introduction of an expert's opinion, which relies solely on the child's statements, is tantamount to permitting the expert to testify as to the child's veracity." State v.Winterich, Cuyahoga App. No. 89581, 2008-Ohio-1813; State v.Knight, Cuyahoga App. No. 87737, 2006-Ohio-6437. The Supreme Court of Ohio in Boston noted that "the admission of [such] testimony was not only improper — it was egregious, prejudicial and constitutes reversible error." Boston at 128.
 {¶ 91} I would find that this rationale extends to the social worker's testimony naming Sopko as the perpetrator. In a similar vein, the Sixth Appellate District reversed a case in which two expert doctors both testified that the appellant-mother poisoned her son, finding the testimony to be highly prejudicial. State v. Weaver, Sixth Dist. No. L-07-1219, 2008-Ohio-5022, citing Burens v. Industrial Comm. ofOhio (1955), 162 Ohio St. 549, "An expert witness must confine his opinion to matters within his specialty or scientific field of inquiry and may not express an opinion upon matters as to which the jury is capable of forming a competent conclusion."
 {¶ 92} Thus, I would find that the social worker's testimony identifying Sopko as the perpetrator is inadmissible because it is highly prejudicial. It is evidence that, upon admission, may result in an improper basis for a jury decision pursuant to Crotts. *Page 31 
 {¶ 93} I would sustain Sopko's fifth assignment of error and reverse the judgment of the trial court based upon plain error. *Page 1