WATERMAN, Justice
(concurring specially).
I join the majority opinion but write separately because the majority fails to examine well-reasoned decisions from other jurisdictions addressing the same question we must confront today — the admissibility of expert testimony that the specific child victim’s behavior or symptoms are “consistent with” sexual abuse trauma. As the majority acknowledges, “there is a very thin line” between expert testimony that assists the jury and that which imper-missibly vouches for the child-witness’s credibility. Our court has not previously decided whether the line is crossed by an expert who opines the victim’s behavior or statements are “consistent with” child abuse trauma. I think it is worth considering the guidance provided by our sister state supreme courts to help decide this close and important question. The stakes are high when the retrial forces the victim to relive the trauma of the abuse.
I also write separately to emphasize the majority opinion should not be read to foreclose the possible use of such expert testimony in rebuttal if the defendant opens the door by suggesting the victim’s behavior is inconsistent with that of an abused child. As noted below, many other courts have allowed testimony that a child victim’s behavior or symptoms are “consistent with” child abuse trauma as rebuttal evidence. That is not what happened in this case.
Just two years ago, in State v. Favoccia, the Supreme Court of Connecticut thor *682 oughly reviewed the conflicting precedent and policy considerations in reaching the same conclusion we reach today. 306 Conn. 770, 51 A.3d 1002, 1012-22 (2012). The Favoccia court overturned its own precedent to hold that “the trial court abused its discretion in permitting [the expert] to testify about the complainant’s behaviors being consistent -with those generally characteristic of sexual assault victims.” Id. at 1026. Conversely, in People v. Spicola, the New York Court of Appeals recently held “the trial judge did not abuse his discretion when he allowed the expert to testify about CSAAS [Child Sexual Abuse Accommodation Syndrome] to rehabilitate the boy’s credibility.” 16 N.Y.3d 441, 922 N.Y.S.2d 846, 947 N.E.2d 620, 635 (2011). Significantly, here, the State offered the challenged expert testimony in its case in chief against Dudley, not in rebuttal. Spi-cola is therefore distinguishable. But, the observation of the Spicola dissent nonetheless applies: “[T]he expert[] conflrm[ed] ... nearly every detail of the case and of complainant’s behavior as consistent with that of a victim of sexual abuse.... ” Id., 922 N.Y.S.2d 846, 947 N.E.2d at 639 (Lippman, C.J., dissenting). These divergent outcomes reflect national jurisprudence on the issue. Lisa R. Askowitz, Restricting the Admissibility of Expert Testimony in Child Sexual Abuse Prosecution: Pennsylvania Takes It to the Extreme, 47 U. Miami L. Rev. 201, 205-06 nn. 34-35 (Sept. 1992) (surveying caselaw and recognizing the split in authority).
Many other courts have held opinions that a child victim’s behavior or symptoms are “consistent with” child abuse are inadmissible. See Favoccia, 306 Conn. 770, 51 A.3d at 1015-16 & n. 26 (collecting cases); see also id. at 1009 (holding that “expert testimony linking a specific complainant to those general characteristics” is “impermissible vouching and ultimate issue testimony” and therefore inadmissible); Wheat v. State, 527 A.2d 269, 274-75 (Del.1987) (concluding that allowing an expert to connect general characteristics to a specific complainant is equivalent to bolstering the victim’s credibility and is therefore inadmissible); State v. Foret, 628 So.2d 1116, 1130 (La.1993) (holding that an expert testifying to child sexual abuse symptoms must limit the testimony to general characteristics that cannot directly concern the particular victims); Commonwealth v. La-Caprucia, 41 Mass.App.Ct. 496, 671 N.E.2d 984, 985 (1996) (holding that the trial court abused its discretion by allowing expert testimony that “directly link[ed] the characteristics of sexually abused children to the complainants in this case”); State v. Chamberlain, 137 N.H. 414, 628 A.2d 704, 707 (1993) (holding that testimony that a child’s symptoms were “consistent with” CSAAS could not be offered to prove the child was abused); State v. Michaels, 264 N.J.Super. 579, 625 A.2d 489, 499-502 (Ct.App.Div.1993) (reversing a conviction based on inadmissible testimony that the victims’ behavior was “consistent with” sexual abuse), aff'd, 136 N.J. 299, 642 A.2d 1372 (1994).
Although many other jurisdictions have allowed testimony the victim’s behavior or symptoms are “consistent with” child abuse trauma under some circumstances,[2] *683 most limit such testimony to rehabilitation of the victim[3] whose credibility was attacked by the defense. See People v. Beckley, 434 Mich. 691, 456 N.W.2d 391, 399 (1990) (“We find that the rebuttal limitation as expressed, by the majority of jurisdictions is the preferable approach.” (Emphasis added.)). Such cases are inapplicable here because the State does not argue Dudley opened the door to such testimony by arguing the victim’s behavior was inconsistent with child abuse trauma.
The result we reach today is supported by the decisions of other courts that recognize testimony the victim’s behavior or symptoms are “consistent with” child abuse is the “functional equivalent” of vouching for the victim’s credibility. Spicola, 922 N.Y.S.2d 846, 947 N.E.2d at 639. The Connecticut Supreme Court aptly concluded:
“[T]here is no material distinction between express testimony that the child has been sexually abused, and implicit testimony that outlines the unreliable behavioral reactions found with sexually abused victims, followed by a list of the complainant’s own behavioral reactions, that points out that the two are consistent, and then invites the jury to add up the points to conclude that the child has been sexually abused.”
Favoccia, 306 Conn. 770, 51 A.3d at 1023 (quoting People v. Peterson, 450 Mich. 349, 537 N.W.2d 857, 873 (1995) (Cavanagh, J„ dissenting)). “[S]uch testimony ‘comes too close to testifying that the particular child is a victim of sexual abuse.’ ” Id. at 1017-18 (quoting Peterson, 537 N.W.2d at 868).
The victim’s credibility is often the fighting issue in child abuse cases. See John E.B. Myers, et al., Expert Testimony in Child Sexual Abuse Litigation, 68 Neb. L. Rev. 1, 89 (1989). I agree with the Connecticut Supreme Court’s assessment that:
[“Consistent with”] testimony create[s] a significant risk that the jury w[ill] consider [the expert’s] testimony as an imprimatur on the complainant’s allegations, particularly [when] her testimony [is] based directly on observations of the complainant[ ] ..., which renders [the] case distinct from those wherein the expert disclaims any familiarity with the *684 specific facts of the case or testifies only in terras of generalities or hypotheticals.
Favoccia, 806 Conn. 770, 51 A.3d at 1025. As another appellate court recognized:
It is one thing to educate the jury to understand that child abuse victims may act in counterintuitive ways, and that excessive weight should not be given to factors such as failure to disclose when the child victim’s credibility is weighed ... [and] quite another to suggest to the jury that the events and feelings expressed by the child witnesses are the same as those experienced by other victims of abuse. That this has the effect of buttressing the witnesses’ credibility seems impossible to deny.
Commonwealth v. Deloney, 59 Mass.App. Ct. 47, 794 N.E.2d 613, 623 (2003) (citations omitted). The purpose of expert testimony in child sexual abuse cases
is to give the jury a framework of possible alternatives for the behaviors of the victim at issue in the case in relation to the class of abuse victims. In this respect, the expert’s role is to provide sufficient background information about each individual behavior at issue which will help the jury to dispel any popular misconception commonly associated with the demonstrated reaction.
Beckley, 456 N.W.2d at 406. This purpose can be accomplished through generalized testimony without vouching for the victim’s truthfulness. See Favoccia, 306 Conn. 770, 51 A.3d at 1018 (“[T]he ‘conduct of a child who has been sexually abused, and the emotional antecedents underlying this conduct, can be effectively explained to the jury through testimony relating to the class of victims in general....’” (quoting State v. Sims, 158 Vt. 173, 608 A.2d 1149, 1154 (1991))).
[W]here “the sole reason for questioning the ‘expert’ witness is to bolster the testimony of [the complainant] by explaining that his version of the events is more believable than the defendant’s, the ‘expert’s’ testimony is equivalent to an opinion that the defendant is guilty, and the receipt of such testimony may not be condoned.”
Spicola, 922 N.Y.S.2d 846, 947 N.E.2d at 639 (quoting People v. Ciaccio, 47 N.Y.2d 431, 418 N.Y.S.2d 371, 391 N.E.2d 1347, 1351 (1979)).
Armed with generalized knowledge, the fact finder can connect. the dots. We should be mindful that “more specific testimony yields returns that increase in prejudice to the defendant as they diminish in value with respect to the edification of the jury as to behaviors that might affect the complainant’s credibility.” Favoccia, 306 Conn. 770, 51 A.3d at 1024.
As the foregoing cases demonstrate, expert testimony may be admissible in rebuttal if the defendant opens the door by challenging the credibility of the child victim based on behavior or symptoms the expert can show is consistent with child abuse trauma. But, in this case, the expert crossed the line by providing such an opinion in the State’s case in chief.
ZAGER, J., joins this special concurrence.

. See Favoccia, 306 Conn. 770, 51 A.3d at 1015 n. 26 (surveying cases); see also United States v. Lukashov, 694 F.3d 1107, 1116 (9th Cir.2012) ("We conclude that the district court did not abuse its discretion in allowing [the doctor] to testify about the characteristics that she looks for when assessing a child victim's story of sexual abuse, and to opine that her evaluation of [the child] was consistent with [the child’s] allegations of sexual abuse.”); Steward v. State, 636 N.E.2d 143, 146 (Ind.Ct.App.1994) (“Indiana courts have consistently allowed expert testimony concerning whether a particular victim’s behavior is consistent with the behavioral patterns of victims of sexual abuse.”), aff'd, 652 *683 N.E.2d 490 (Ind.1995); State v. McIntosh, 274 Kan. 939, 58 P.3d 716, 728-30 (2002) (holding that the testimony of an expert witness is admissible when the witness outlines the general characteristics of sexually abused children and then states that the victim's symptoms are consistent with those characteristics); Spicola, 922 N.Y.S.2d 846, 947 N.E.2d at 635 (holding that the trial judge did not abuse his discretion by admitting expert testimony on rebuttal which connected generalized sexual abuse symptoms to the individual victim); State v. Stowers, 81 Ohio St.3d 260, 690 N.E.2d 881, 883 (1998) (holding that "an expert witness’s testimony that the behavior of an alleged child victim of sexual abuse is consistent with behavior observed in sexually abused children is admissible under the Ohio Rules of Evidence”).

. These safeguards can take the form of prohibiting all expert testimony — including all "consistent with” testimony — except for purposes of rehabilitation on rebuttal by requiring the testimony to be narrowly tailored to an identifiable symptom from which the complainant suffers. See, e.g., People v. Nelson, 203 Ill.App.3d 1038, 149 Ill.Dec. 161, 561 N.E.2d 439, 444 (1990) ("At this time, we choose to limit the admissibility of such testimony to rebuttal after the victim’s credibility has first been attacked.”); see also People v. Bowker, 203 Cal.App.3d 385, 249 Cal.Rptr. 886, 891 (1988) (requiring that the testimony is “targeted to a specific ‘myth’ or 'misconception' suggested by the evidence”); People v. Beckley, 434 Mich. 691, 456 N.W.2d 391, 399 (1990) (holding that "only those aspects of 'child sexual abuse accommodation syndrome,’ which specifically relate to the particular behaviors which become an issue in the case are admissible”).